**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
15875 Boones Ferry Rd. Unit 1527
Lake Oswego, OR 97035
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

**Jim W. Vogele**, OSB 116366
jimvogele@gmail.com
Jim W. Vogele, Attorney at Law
812 NW 17th Avenue
Portland, OR 97209
Telephone: (503) 779-5415

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KATHLEEN EISELE,<br><br>        Plaintiff,<br> vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation,<br>        Defendant. | Case No. 3:24-cv-00764-HZ<br><br>PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT |

**INDIVIDUAL AND CLASS ACTION COMPLAINT**

1.

Kathleen Eisele (hereinafter "plaintiff") complains as follows against Home Depot U.S.A., Inc, a Delaware corporation (hereinafter "HOME DEPOT"), both on behalf of herself individually and, in addition, on behalf of the other similarly situated employees.

2.

This is an action under state and federal statutes for certain present and former employees of HOME DEPOT to recover statutory damages and attorney fees, costs, and disbursements (and pre- and post-judgment interest thereon), in addition to declaratory, injunctive, and other equitable relief. All allegations herein are made to the best of plaintiff's and her counsel's good-faith knowledge, information, and belief, based upon the evidence adduced to date, and plaintiff reserves the right to amend the complaint upon the discovery of additional facts.

**PARTIES**

3.

At all material times, plaintiff and the Class and Subclass members were employees or ex-employees of HOME DEPOT.

4.

HOME DEPOT is a Delaware corporation that employs and/or has employed plaintiff and the Class and Subclass members in Multnomah County, Oregon and elsewhere.

**COMMON FACTS CONSTITUTING CLAIMS FOR RELIEF**

5.

On or about May 5, 2023, HOME DEPOT sent out payments of what it calculated to be back wages and interest on those back wages due to plaintiff and the Class members (which it called the "true-up payments") as a result of the Court's decision in *Eisele v. Home Depot U.S.A., Inc.*, 643 F.Supp.3d 1166, No. 3:20-cv-01740-HZ at Dkt. 73 (D.Or. Nov. 29, 2022).

6.

The administrator that Home Depot hired to administer the true-up payments noticed that HOME DEPOT intended to issue a W-2 for both back wages and interest on those back wages, treating both as wages for withholding and tax reporting purposes. Prior to the true-up payments issuing, the administrator specifically and explicitly warned HOME DEPOT that this was incorrect and asked whether it should issue 1099s for the interest portion as is usually done.

7.

Despite that warning, HOME DEPOT persisted in wrongfully treating both the back wages and interest on back wages portions of the true-up payment as wages. As such, HOME DEPOT overdeducted Oregon income tax and FICA from the wages due and owing to plaintiff and the members of the Class (including the Overdeduction Subclass) based on both the back wages and the interest on back wages portions of the true-up payment.

8.

On information and belief, HOME DEPOT knowingly and willfully filed fraudulent and inaccurate W-2 information returns with the government, overstating and misrepresenting the amount of wages paid to plaintiff and the members of the Class (including the Fraudulent Information Return Subclass). Defendant knew that the payments for interest on back wages were not wages subject to withholding, yet it voluntarily and intentionally filed an information return falsely listing wages in that amount, knowing that the amount was false. Thus, the W-2s list amounts in boxes 1 ("Wages, tips, other compensation"), 3 ("Social security wages"), and 5 ("Medicare wages and tips") that are inaccurate. Instead of correct taxable back wages, the incorrect

number in each of those boxes contains both back wages and interest on back wages.

## CLASS ACTION ALLEGATIONS

9.

HOME DEPOT engaged in acts and practices that violated plaintiff's and the Class and Subclass members' rights under Oregon and federal statutes. This action is brought on behalf of one Class, with two Subclasses:

1. The Class, consisting of all current and former Oregon HOME DEPOT employees to whom HOME DEPOT made a true-up payment, which includes:
    a. The Overdeduction Subclass, consisting of all Class members who had overdeductions taken from their wages due to HOME DEPOT's wrongful treatment of interest on back wages as wages; and
    b. The Fraudulent Information Return Subclass, consisting of all Class members for whom HOME DEPOT filed a W-2 with the government misidentifying interest on back wages as wages.

### Numerosity

10.

The class and each subclass is so numerous that joinder of all members is impractical, estimated to constitute more than 15,000 persons each.

### Commonality

11.

There are questions of law and fact common to each Class and Subclass, which predominate over any issues involving only individual Class and/or Subclass members. The principal questions are:

   a. Whether HOME DEPOT's true-up payments incorrectly aggregated both back

wages and interest into wages, resulting in overdeductions of Oregon income tax and FICA;

b. Whether HOME DEPOT's W-2 information returns filed with the government overstating and misrepresenting the amount of wages paid were knowingly and willfully incorrect; and

c. What remedies are available for the above-listed violations.

## Typicality

12.

Plaintiff's claims are typical of those of the other Class and Subclass members because:

a. Plaintiff is a member of the Class and each Subclass.

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis for the Class's and Subclasses' claims.

c. All of each Class member's claims are based on the same facts and legal theories.

d. There is no antagonism between the interests of plaintiff and the Class and Subclass members, because their claims are for damages provided to each Class and Subclass member separately by statute.

## Adequacy of Representation by Plaintiff

13.

Plaintiff will fairly and adequately protect the interests of the Class and each Subclass because:

a. There is no conflict between plaintiff's claims and those of the other Class and Subclass members.

    b. Plaintiff has retained counsel experienced in handling class actions involving wage and hour law, who will vigorously prosecute this litigation. Plaintiff and her counsel have already committed substantial time and resources towards this case and its predecessor case, and they both remain willing and able to devote whatever additional future time and resources are necessary to pursue this litigation to completion.

    c. Plaintiff's claims are typical of the claims of the Class's and each Subclass's members in that her claims stem from the same practice and course of conduct that forms the basis of the Class's and each Subclass's claims.

## Superiority of Class Action

14.

Class resolution of this case is superior to other available methods for its fair and efficient adjudication, for at least the following reasons:

    a. The prosecution of separate actions by the Class and Subclass members could both result in inconsistent adjudications establishing incompatible pay practices and, as a practical matter, dispose of the legal claims of Class and Subclass members who are not parties to such separate adjudications or impede their ability to protect their interests;

    b. The common questions of law and fact described above predominate over any questions affecting only individual members;

    c. Individual Class and Subclass members would have little interest in controlling the litigation due to the relatively small size of most claims, the complexity of the claims, the expense of the litigation, and because the named plaintiff and her counsel have already invested significant resources in this

case and its predecessor case and will continue to vigorously pursue the claims on behalf of the Class and Subclass members;

d. To plaintiff and her counsel's knowledge, no other similar litigation has been commenced;

e. This is a desirable forum because HOME DEPOT does business in this District and many Class members reside here; and

f. There are no anticipated difficulties in managing this class action.

## FIRST CAUSE OF ACTION

### Oregon Wrongful Deductions
### (Overdeduction Subclass)

15.

All previous paragraphs are incorporated by reference herein.

16.

Pursuant to O.R.S. 652.610(3), HOME DEPOT was prohibited from deducting amounts from plaintiff's and the Class's and Overdeduction Subclass's wages that were not required by law, but HOME DEPOT did so anyway.

17.

Plaintiff and the Overdeduction Subclass members are each entitled to collect statutory damages of $200, together with attorney fees, costs, and disbursements per O.R.S. 652.615, as well as pre- and post-judgment interest.

## SECOND CAUSE OF ACTION

### Federal Fraudulent Information Returns
### (Fraudulent Information Return Subclass)

18.

All previous paragraphs are incorporated by reference herein.

**Plaintiff's First Amended Class Action Complaint**                                Page 7

19.

Pursuant to 26 U.S.C. § 7434, HOME DEPOT was prohibited from willfully filing fraudulent W-2 information returns regarding plaintiff and the Class and Fraudulent Information Return Subclass members, but HOME DEPOT willfully and knowingly overstated and misrepresented the amount of wages paid to plaintiff and the Fraudulent Information Return Subclass members.

20.

Plaintiff and the Fraudulent Information Return Subclass members are each entitled to collect statutory damages of $5,000.

## THIRD CAUSE OF ACTION

### Declaratory, Injunctive, and Further Equitable Relief

21.

All previous paragraphs are incorporated by reference herein.

22.

Plaintiff and the Class members seek a declaration by the Court:

a. that the interest paid to them as part of the true-up payments does not constitute wages for FICA or Oregon income tax withholding purposes;

b. that no FICA or Oregon income tax withholdings should have been taken for the interest portion of the true-up payments; and

c. that plaintiff and the Class members did not and do not owe FICA taxes on the interest portion of the true-up payments.

23.

Plaintiff and the Class members also seek injunctive relief and/or further equitable relief under 28 U.S.C. § 2202, requiring Home Depot to issue corrected W-2c forms to

the Class members and file them with the IRS, showing in boxes 1, 3, and 5 only the back wages paid as part of the true-up payments *(i.e.*, not including any interest on those back wages).

24.

Plaintiff and the Class and Subclass members also seek injunctive relief and/or further equitable relief under 28 U.S.C. § 2202, requiring Home Depot to either:

a. repay or reimburse them the amounts of FICA deductions that were made from the true-up payments for interest; or

b. take the following actions allowing the Class and Subclass members to make refund requests for those amounts under 26 C.F.R. § 31.6402(a)-2:

1. provide them with statements supporting the employees' claims, per 26 C.F.R. § 31.6402(a)-2(b)(2), including "setting forth (a) the extent, if any, to which the employer has repaid or reimbursed the employee in any manner for the overcollection, and (b) the amount, if any, of credit or refund of such overpayment claimed by the employer or authorized by the employee to be claimed by the employer [and] the fact that it is made in support of a claim against the United States to be filed by the employee for refund of employee tax paid by such employer to the IRS"; and

2. Pay the cost for Class and Subclass members to seek the assistance of tax professionals in order to fill out Form 843 to seek this refund.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which it is available.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court certify the Class and Subclasses as

indicated herein; award her and the other Class and Subclass members such statutory damages as they may be entitled to, as set forth by category above and in amounts to be proven at trial; issue a finding of the correct amounts that should have been reported in the information returns; award the attorney fees, costs, and expenses of suit of plaintiff and the other Class and Subclass members; order HOME DEPOT to pay pre-judgment and post-judgment interest on all amounts due to plaintiff and the other Class and Subclass members as a result of their claims; enter a judgment for declaratory, injunctive, and further equitable relief as requested; and order such further or alternative relief as the Court deems appropriate.

DATED this October 10, 2024               JON M. EGAN, P.C.

                                          *s/ Jon M. Egan*

                                          Jon M. Egan, OSB #002467
                                          Attorney for Plaintiff